United States District Court
Southern District of Texas
**ENTERED**
June 30, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| DARLENE WILEY, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION No. 3:20-cv-00119 |
| § | |
| BAY CITY INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

## ORDER AND OPINION

Plaintiff's counsel, Gordon R. Cooper, II, has filed a Motion to Withdraw as Attorney of Record for Plaintiff ("Motion to Withdraw"). Dkt. 38. Mr. Cooper contends that he should be allowed to withdraw from representing Plaintiff because "[i]rreconcilable difference[s]" have developed between Mr. Cooper, Plaintiff, and Plaintiff's family members, causing Mr. Cooper to lose confidence in Plaintiff. *Id.* at 1. The Motion to Withdraw provides no further substantive explanation for the request to withdraw as counsel.

The law is crystal clear when it comes to the showing an attorney must make to withdraw as counsel of record. "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The matter of attorney withdrawal is "entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Id.* (quotation omitted).

The Motion to Withdraw should be denied for two reasons. First, the conclusory statement offered by Mr. Cooper that there are "[i]rreconcilable difference[s]" between him and his client provides no factual basis for me to determine whether there is, in fact, good cause for withdrawal. Before I will permit a lawyer to withdraw from representing a client, I must be provided with detailed

facts supporting a finding of good cause. Second, the Motion to Withdraw does not indicate whether Mr. Cooper has even informed his client of his desire to withdraw as counsel. It seems obvious, but Mr. Cooper "must assure the Court that [his] client has notice of the motion to withdraw and advise the Court with certainty regarding whether or not the client opposes the motion to withdraw." *Caballero v. BP Expl. & Prod. Inc.*, No. 1:19-CV-305-HSO-JCG, 2020 WL 5588827, at *2 (S.D. Miss. Jan. 28, 2020). In the event Plaintiff objects to Mr. Cooper's withdrawal, Mr. Cooper must provide "a valid and compelling reason . . . for the Court to grant the motion to withdraw over the objection of the client." *Id.*

For these reasons, the Motion to Withdraw is **DENIED** without prejudice.[1] Another motion to withdraw as counsel may be filed, but the motion must meet the basic legal requirements set forth above.

Signed on this 30th day of June 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] A motion to withdraw as counsel is, unquestionably, a non-dispositive pretrial matter that can be handled by a magistrate judge through an order instead of a memorandum and recommendation. *See Lauro v. State*, No. CV 12-00637 DKW-BMK, 2015 WL 5031236, at *2 (D. Haw. Aug. 24, 2015).