Case 3:20-cv-00119   Document 45   Filed on 09/21/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:20-cv-119

DARLENE WILEY, *Plaintiff*,

v.

BAY CITY INDEPENDENT SCHOOL DISTRICT, *Defendant*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

## I. FACTUAL BACKGROUND

Darlene Wiley was a custodian with the Bay City Independent School District for over a decade. Dkt. 37 at 2. On March 15, 2018, she received a written reprimand for washing her personal laundry in the school gymnasium. *Id.* at 3. She then filed a complaint of sexual harassment against her supervisor, Regginald Jefferson. *Id.* The Director of Maintenance and Operations, Ron Carroll, investigated the claim and determined that it was not supported. *Id.*

Wiley then complained with the Equal Employment Opportunity Commission that Carroll had discriminated against her based on sex. *Id.* at

4. Specifically, she claimed that while she was using a locked ladies restroom, Carroll entered claiming that it had been reported to him that she was hiding out there. *Id.* at 4–5.

Wiley also alleges in this lawsuit that she was asked to unclog a toilet in the men's restroom during her lunch break and that she was no longer assigned to work as a bleacher monitor during football games. *Id.* at 6–7. She later met with the school principal and assistant principal; they accused her of heckling visiting fans during a game—an accusation Wiley does not deny. *Id.* at 7. They notified her that she would not be assigned to work football games, which caused Wiley to become "upset" and "argumentative and disrespectful." *Id.*

After that meeting, Wiley asked for a meeting with another assistant principal and Jefferson. *Id.* at 7–8. The principal walked in on the meeting, and Wiley informed her that she intended to file a grievance against her. Wiley again became "unruly" and the principal ended the meeting. *Id.* at 8. The following week, the principal terminated Wiley for "misconduct while communicating with an administrator." *Id.*

## II. PROCEDURAL BACKGROUND

This case was originally filed on November 21, 2019. Dkt. 1. It was transferred to the Galveston Division on April 13, 2020. Dkt. 19. Before the

case was transferred, the defendant filed a motion to dismiss or, in the alternative, for more definite statement. Dkt. 9. That motion was denied. Dkt. 18. After the case was transferred, the court denied a motion to reconsider the motion to dismiss. Dkt. 26.

The defendant moved for summary judgment on September 24, 2021. Dkt. 37. On October 10, 2021, Wiley's counsel moved to withdraw, stating that "Family members of the Plaintiff have interfered with the Counsel's Ability to properly represent the Plaintiff" and that "Counsel has lost confidence in the plaintiff." Dkt. 38 at 1. That motion was denied. Dkt. 44.

To this point, the plaintiff has not responded to the motion for summary judgment.

## III. LEGAL STANDARD

Under Rule 56(a):

> [a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable factfinder could render a verdict for the nonmoving party. *Id.* In other words, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). When considering a motion for summary judgment, the court must consider all evidence in the light most favorable to the nonmoving party, *Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir. 1990), and resolve all reasonable doubts about the facts in favor of the nonmoving party. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455–56 (5th Cir. 2005).

If the moving party meets its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions,

or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (cleaned up).

Pursuant to Southern District of Texas Local Rule 7.4, the plaintiff's failure to respond is taken as a representation of no opposition. When the motion is unopposed, the court may accept as true the undisputed facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1991)).

IV. **ANALYSIS**

**A. Retaliation**

Wiley asserts her retaliation claims under Title VII and 42 USC § 1981. But as this cause of action is not supported under § 1981, *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981), the court will conduct its analysis under Title VII.

To prove a retaliation claim, Wiley must establish a *prima facie* case that "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). The burden then shifts to the employer to state a non-retaliatory reason for the action. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). If the burden is

satisfied, the employee then carries the burden "to establish that the to establish that the employer's stated reason is actually a pretext for unlawful retaliation." *Id.*

"The key question is whether the challenged action is 'materially adverse' in that it is 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)) (brackets in original). Here, the only adverse employment action taken against Wiley was her ultimate discharge. Wiley has not shown that the decision to remove her from working football games was materially adverse.

Wiley has not attempted to point the court to any facts that would show that her protected complaint was a but-for cause of her termination. Even assuming that her *prima facie* case is established solely on the short period of time between her protected activity and her termination, in failing to respond to the motion for summary judgment she has failed to show that the defendant's reason for terminating her—that she engaged in misconduct in her communications with the administration—was pretextual. Because she

has not met her burden to show that a genuine issue of material fact exists on pretext, her claim fails.

### B. Discrimination

Wiley claims that the defendant discriminated against her based on her sex. In her complaint, she sues under both Title VII and 42 U.S.C. § 1981. "When used as parallel causes of action, Title VII and section 1981 require the same proof to establish liability." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999).

> To establish a sex-discrimination claim under Title VII, a plaintiff must show "(1) that she is a member of a protected class; (2) that she was qualified for the position sought; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class."

*Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 679 (5th Cir. 2021) (quoting *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013)). "As in retaliation cases, once a plaintiff establishes a prima facie sex-discrimination claim, the employer must provide a nondiscriminatory reason for the adverse action." *Id.* "And if the employer provides such a reason, the burden shifts back to the plaintiff to prove the reason was pretextual." *Id.*

For discrimination claims, "[a]dverse employment actions include only

ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Here, the only ultimate employment decision was the decision to terminate Wiley's employment.

Again, assuming that Wiley could make a *prima facie* case of discrimination with only temporal proximity, she has pointed the court to no evidence showing that the explanation for why she was fired was pretextual.

\* \* \*

Because the plaintiff has not attempted to satisfy her burden to show that any of the defendant's actions were a mere pretext for Title VII retaliation or discrimination, the defendant's motion for summary judgment is granted. Dkt. 37. The plaintiff's claims are dismissed with prejudice. A separate final judgment will be entered.

Signed on Galveston Island this 21st day of September, 2022.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE